# Frank H. Coble, Appellant, *v.* Joseph S. Zook.

*Pleading—Allegata and probata—Question for jury.*

Modern methods of pleading and practice have greatly broadened the scope of judicial inquiry but they do not admit the introduction of issues distinctly new under the pleadings and which, if permitted, would have served only to embarrass the determination of the real issue of fact between the parties and which in effect resolved itself as a question for the jury, on the evidence submitted, to say whether a contract was as contended for by the plaintiff or the defendant.

Argued Nov. 18, 1898. Appeal, No. 170, Oct. T., 1898, by plaintiff, from judgment of C. P. Lancaster Co., April T., 1896, No. 110, on verdict for defendant. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit. Before LIVINGSTON, P. J.

It appears from the record that this action was brought to recover the sum of $250 by virtue of a verbal agreement in relation to the transfer of real estate which took place under the following circumstances: In the fall of 1888, Zook, the defendant, erected for plaintiff a building to be used as a brass foundry;

on the completion of the building in 1889, plaintiff entered into possession and carried on his business as foundryman. Zook in May, 1889, filed a mechanic's lien on said property for $980.80 on which a scire facias was issued, whereupon Geo. W. Anne, of the firm of Anne & Thomas, filed his petition in the common pleas of Lancaster county, praying the court for rule to show cause why said mechanic's lien should not be stricken off, on the ground that no deed had ever been made to Frank H. Coble for said tract of land on Filbert street and that the title to the same was in said Anne & Thomas. By agreement between plaintiff and defendant in this case the plaintiff confessed judgment on the mechanic's lien under an arrangement that the property should be sold at sheriff's sale and that upon receipt of a deed from the sheriff by Zook, he, Zook, would pay Coble the sum of $250, being the estimated value of the work and material furnished by plaintiff in the erection of said building. A levari facias was issued on the confessed judgment, the property was sold and upon the delivery of the sheriff's deed Zook entered into possession and continued in possession until the date of the trial of this case. Defendant declined to pay the plaintiff the sum of $250; alleged in his affidavit of defense that the agreement to pay said sum was contingent upon his ability to resell the premises and upon his being able to reimburse himself for all moneys that he had therein; that he is still the owner of the premises, never having been able to sell them, and that when he is able to sell them to reimburse himself, as aforesaid, for all moneys that he has therein invested, he will be ready and willing to pay said plaintiff the sum of $250.

[At the trial defendant offered in evidence a mortgage covering the premises in question and the said offer was admitted under objection from the plaintiff and in rebuttal an offer by the plaintiff of the mortgage and transfer and release of the said mortgage on the property for the purpose of showing such release was overruled.] [5, 6, 7, 8, 9, 10]

Defendant submitted the following points:

[4. Frank H. Coble, the plaintiff in the suit, could, by his own deed, have conveyed to Jos. S. Zook, exactly what the latter acquired under the sheriff's deed; and, if he had executed such a deed there would have been no necessity for any sheriff's sale of the property. *Answer:* That is affirmed. And we further

say that Frank H. Coble's deed would have been no better than the sheriff's deed, it would have conveyed title to no person.] [16]

[5. If the jury believe that Frank H. Coble was to receive his $250 only after Jos. S. Zook would be able to resell the premises and first reimburse himself for the amount of his lien, the verdict of the jury must be in favor of the defendant. *Answer :* That we say is correct.] [17]

The court charged the jury in part as follows :

[The statement made to you by Mr. Gilbert that this man might have sold this property and got the money if he had desired to do so, we say to you that the sale of this property would have conveyed no title to anybody. He has no title in it himself, has no right, he could not give possession of it, and the gentleman at the time he told you that, knew that the plaintiff in the ejectment, if he brought an ejectment against the parties who owned the property, must recover on the strength of his own title, and you will very easily see that where a man has no title he would have a very poor chance to recover from Anne & Thomas this property. It could not be done. There is no way by which Mr. Zook, by any action at law, could recover from them their title without their consent, without their agreement or permission.] [18]

[If you are satisfied from the evidence that was not the contract, but that it was that Mr. Zook after he got the sheriff's deed should proceed to sell the property and reimburse himself first and then pay $250 to Mr. Coble, your verdict should be for the defendant, Zook, because the time has not yet arrived, and in this action at this time, whatever he may do hence, he could not recover.] [19]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* among others were (5, 6, 7, 8, 9, 10) to the admission of a mortgage covering the premises in dispute and in the refusal of the admission of the transfer of the mortgage with the release on the mortgage for the purpose of showing such release. (16, 17) To the answers to the defendant's fourth and fifth points, reciting same. (18, 19) To portions of the judge's charge, reciting same.

*F. M. Gilbert*, for appellant.—It is error for a judge to assume more than is warranted by the testimony: Dreibilbis v. Esbenshade, 6 Pa. Superior Ct. 182.

Where a trial judge prominently presents in his charge the theory and strong features of the plaintiff's case, and ignores the theory of the defendant and the facts on which it is based, this constitutes cause for reversal on errors assigned: Goerson v. Com., 99 Pa. 388.

The charge was misleading in that it ignored the real issue and in that the court erred in its conclusions of the law as applied to an action of ejectment.

The law on this point has been fully gone into, in the following cases: Seitzinger v. Ridgway, 9 Watts, 496 ; Hamm v. Beaver, 1 Grant, 448 ; Treftz v. King et al., 74 Pa. 350 ; Treftz v. Pitt, 74 Pa. 343 ; Riel v. Gannon, 161 Pa. 289.

*A. J. Eberly* and *J. Hay Brown*, of *Brown & Hensel*, for appellee.

OPINION BY WILLIAM W. PORTER, J., February 17, 1899 :

The plaintiff claimed that the defendant promised to pay him $250 on the receipt of a deed from the sheriff for the property of which the plaintiff was a vendee unable to procure a deed from his vendors.    The defendant says he did promise to pay the $250, but adds that the payment was not to be made until after he " could sell the property and get whole."    Evidently both parties thought that the sheriff's sale under the mechanic's lien would convey a marketable title to the defendant.    The mistake would seem to be at the bottom of the present litigation.

On the evidence submitted, it was for the jury to say whether the contract was as contended for by the plaintiff or by the defendant.

We have examined each of the assignments of error, and while some portions of the charge are susceptible of adverse criticism, we find in none of the assignments reversible error.

There are several which relate to offers by the plaintiff to show that the mortgage upon the property had been released. It would at first appear that these offers should have been admitted.    Further examination leads to a different conclusion.

The mortgage was on the property when the defendant bought, and, under the defendant's contention, was admissible in evidence as an additional explanation of his failure to sell the property and pay the plaintiff. It was an incumbrance which prevented a conveyance of a clear title by the original vendors. The transfers, alleged to show that subsequently the mortgagee had no valid lien on the property, were not admissible. Neither the plaintiff nor the defendant contends that the latter was bound to obtain a title beyond such as he got by the sheriff's sale, but proof of the unmarketable character of that title was admissible under the defendant's contention.

Furthermore, the offers of the plaintiff were not to show an expressed release of the mortgage, but a satisfaction by operation of law. Modern methods of pleading and practice have greatly broadened the scope of judicial inquiry, but there must be some point at which the introduction of new issues must stop. If the plaintiff's offers had been admitted, a new question would have been introduced, namely, as to the legal effect of an agreement by a mortgagor to postpone the lien of his mortgage to that of another mortgage upon the rights of a vendee under contract with the owner. This inquiry would have served only to embarrass the determination of the real issue of fact between the parties. We are therefore of opinion that the judgment should be affirmed.

Judgment affirmed.